UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANGELA HEYNE, ANGELA KING, | ) |
|---|---|
| and STACEY DEVREESE, | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) Cause No. 3:11-CV-305-RLM-CAN |
| | ) |
| AMERICAN PANCAKE HOUSE, | ) |
| NICK KLADIS, JIM KLADIS and | ) |
| ZOI KLADIS, | ) |
| | ) |
| Defendants | ) |

## OPINION and ORDER

This matter is before the court on a motion to dismiss the defendants' counterclaim for failure to state a claim, filed by plaintiffs Angela Heyne, Angela King, and Stacey DeVreese (Doc. No. 20). The defense has filed no brief in opposition to this motion and the time for doing so has passed.

In their amended complaint, the plaintiffs allege that the defendants subjected them to a level of sexual harassment, poor working conditions, and lawbreaking that would make even a seasoned politician blush. Defendant Nick Kladis asserts in his counterclaim that the plaintiffs have made false allegations and published them in a public domain with intent to profit and that these damaged his reputation. Mr. Kladis, though, doesn't detail what the plaintiffs said, doesn't say in what publicly accessible medium they published those statements, and generally doesn't provide any detail that would put the plaintiffs on notice of his claim.

Federal Rule of Civil Procedure 8 requires that a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has said that the pleading standard Rule 8 creates "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The minimum pleading requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly 550 U.S. at 555. While the court accepts the assertions in the complaint as true when evaluating the opposing party's motion to dismiss, a court need not accept legal conclusions if there is not some sketch of a factual matter that could lead to those conclusions. Iqbal, 126 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also* Arnett v. Webster, 658 F.3d 742, 752 (7th Cir. 2011) ("The complaint must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.").

Mr. Kladis claims that the three plaintiffs have made false allegations, that they published them in a public domain for economic gain, and that he has suffered damages as a result. These assertions appear to be the elements of a common law tort claim for defamation, yet they lack any factual detail that would put the plaintiffs on notice of the claim. It's not even clear whether the defamation

claim would be slander or libel since the word publication is used in either. In any case, the pleading represents a recital of elements without facts sufficient to suggest entitlement to relief.[1] *See* Twombly, 126 S. Ct. at 1949; Arnett 658 F.3d at 752.

Mr. Kladis hasn't stated a claim upon which relief can be granted and the plaintiffs, therefore, are entitled to dismissal of the counterclaim. The court hereby GRANTS the plaintiffs' motion to dismiss the counterclaim (Doc. No. 20). The counterclaim is DISMISSED.

SO ORDERED.

ENTERED: December 6, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court

---

[1] The court can't assume that Mr. Kladis is referring to the plaintiff's allegations contained in their complaint and published as a matter of the record in this case because he has not alleged that factual basis. Even if he did allege that, though, it wouldn't be a claim upon which relief could be granted because litigants have immunity from liability on statements made as long as they are pertinent to the litigation. Miller v. Reinert, 839 N.E.2d 731, 735 (Ind. Ct. App. 2005) ("Statements made by the parties in pleadings and other court filings are absolutely privileged if the statements are pertinent and relevant to the litigation.").