UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANGELA HEYNE, ANGELA KING, AND           )
STACEY DEVREESE,                         )
                                         )
            Plaintiffs                   )
                                         )
      vs.                                )      Cause No. 3:11-CV-305-RLM-CAN
                                         )
NICK KLADIS AND NICK'S AMERICAN          )
PANCAKE HOUSE & CAFÉ INC.,               )
                                         )
            Defendants                   )
                                         )


OPINION and ORDER

The second amended complaint filed in this case by plaintiffs Angela
Heyne, Angela King, and Stacey DeVreese alleges sexual harassment in
violation of Title VII and also charges that defendant Nick Kladis violated
certain health codes in how he handled food. This matter is before the court on
a motion for judgment on the pleadings (Doc. No. 32) pursuant to Federal Rule
of Civil Procedure 12(c) filed by defendants Nick Kladis and Nick's American
Pancake and Café Inc. The motion focuses only on the health code violation
allegations and asks the court to award Mr. Kladis judgment as to that issue
only. The plaintiffs oppose the motion.

In evaluating a motion for judgment on the pleadings, the court takes all
facts alleged in the complaint as true and draws all reasonable inferences in
favor of the plaintiffs. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir.
2007) *citing* Thomas v. Guardsmark, Inc., 381 F.3d 701, 704 (7th Cir. 2004). A
Rule 12(c) motion is analyzed using the same standard as a Rule 12(b)(6)

motion. Pisciotta, 499 F.3d at 633. To present a cognizable claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations aren't required, there "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007).

Mr. Kladis doesn't raise objections to most of the plaintiffs' complaint; rather, he focuses his motion on several specific paragraphs. In the general allegations section of their complaint, the plaintiffs made an allegation that Mr. Kladis' actions were "outside the bounds of human decency, as evidenced by," among other things, his "[s]erving meat that he has hunted in the wild to his customers by putting it in the chili without their knowledge and in violation of health rules and regulations, and would 'dare' any of the females to question it." Compl. at ¶ 14. In Count XI of their complaint, entitled "Violation of Indiana Food Safety Standards," the plaintiffs make several assertions: Mr. Kladis "would kill deer in the wild and bring it to the restaurant to grind it up to put in his chili," compl. at ¶ 54; "He would kill quail and rabbits in the wild and bring such animals to the restaurant and 'dress' them in the kitchen," compl. at ¶ 55; and "That Nick Kladis would penalize any waitress who complained," compl. at ¶ 56. Elsewhere, each of the three plaintiffs claims that she was discharged from employment (either by constructive discharge or express termination of employment) but those claims don't refer directly to the food safety issues.

In his motion, Mr. Kladis contends that, because enforcement of food health codes is entrusted to a department of the state of Indiana, the three plaintiffs don't have standing to bring a claim for violations of those codes. In counter to that, the plaintiffs point out that their claim isn't a private claim under health codes, but a claim for retaliatory conduct in an employment setting.

Assuming, as the court must, Thomas v. Guardsmark, 381 F.3d at 704, that Mr. Kladis blatantly violated the health code, that he threatened employment-related repercussions against anyone who complained about his violations, and that he took negative employment-related action against the plaintiffs including harassment and wrongfully terminated them, the plaintiffs appear to contemplate a claim that turns not on the health code, but on retaliatory termination. This is further supported by the plaintiff's response to this motion in which they state that the allegations relate not to violations of the food code itself, but to retaliatory action taken by Mr. Kladis that is tangentially related to the violations.

A complaint doesn't need to set forth the exact legal theory, "so long as some legal theory can be sustained on the facts pleaded in the complaint." O'Grady v. Village of Libertyville, 304 F.3d 719, 723 (7th Cir. 2002). "It is not necessary to specify particular legal theories in a complaint, so long as the facts alleged give adequate notice to the defendant of the basis of the suit." Wudtke v. Davel, 128 F.3d 1057, 1061 (7th Cir. 1997). While Mr. Kladis might be correct that the plaintiffs wouldn't have standing to bring a private action

for witnessing violations of food safety, the court needn't reach a conclusion on that question because some legal theory can be sustained based on the facts in the complaint. *See* O'Grady v. Libertyville, 304 F.3d at 723. By their complaint, the plaintiffs have put Mr. Kladis on notice of their claim of employment discrimination and harassment (see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) which requires that "[f]actual allegations must be enough to raise a right to relief above the speculative level" Id.), and these facts, including those related to the food safety violations, the threats of retaliation, and the adverse employment-related actions, when taken in a light most favorable to the plaintiffs, put Mr. Kladis on notice of a potentially viable claim, which meets the standard required by Federal Rule of Civil Procedure 8(a). Because of this, the court DENIES Mr. Kladis' motion for judgment on the pleadings.

SO ORDERED.

ENTERED: March 30, 2012

_____/s/ Robert L. Miller, Jr._____
Judge
United States District Court