UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ANGELA HEYNE, ANGELA KING, and | ) |
| STACY DEVREESE, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) Case No. 3:11-CV-305 JD |
|  | ) |
| NICK'S AMERICAN PANCAKE AND | ) |
| CAFÉ, INC., and NICK KLADIS | ) |
|  | ) |
| Defendants. | ) |

## OPINION AND ORDER

Following a jury trial, the Court entered an order of final judgment against defendants Nick Kladis and Nick's American Pancake and Café, Inc. ("American Pancake"). [DE 140.] Defendants filed a notice of appeal from that final judgment, but the appeal was voluntarily dismissed under Federal Rule of Appellate Procedure 42(b). [DE 160.]

Now faced with proceedings supplemental to recover on the judgment, defendants have filed two motions for relief from final judgment under Federal Rule of Civil Procedure 60(b). For the reasons stated below, both of those motions are **DENIED**. [DE 171; DE 179.]

### I. Discussion

Rule 60(b) allows a court to relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been

reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) "is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009) (citing *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000)). Moreover, relief under Rule 60(b) is warranted "only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Dickerson v. Bd. of Educ. of Ford Heights*, 32 F.3d 1114, 1116 (7th Cir. 1994) (quoting *Daniels v. Brennan*, 887 F.2d 783 F.2d 783, 790 (7th Cir. 1989)).

Defendants bring two motions under Rule 60(b). The first seeks relief under subsection 60(b)(4), arguing that the judgment was void because the Court lacked subject matter jurisdiction over plaintiffs' claims.[1] [DE 171 at 1.] Specifically, defendants argue that in order for the Court to have subject matter jurisdiction over plaintiffs' claims, defendants needed to fit the definition of "employer" under 42 U.S.C. § 2000e(b). [DE 171 at 2.] In order to meet the definition of employer, they needed to employ fifteen or more employees for each working day in each of twenty or more calendar weeks during the then-current or proceeding calendar year. 42 U.S.C. § 2000e(b). Defendants argue that plaintiffs offered no evidence of the number of individuals employed by American Pancake. [DE 171 at 2.]

However, it is not a jurisdictional requirement that the plaintiffs prove that defendants fit the definition of "employer" under section 2000e(b). The Supreme Court addressed this exact question in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). In *Arbaugh*, an employee won

---

[1] Defendants raised new arguments in their reply in support of the first motion. [DE 177.] However, the second Rule 60(b) motion raised these same arguments that had been newly made in defendants' reply. [DE 179.] Accordingly, those arguments are addressed only with respect to defendants' second Rule 60(b) motion.

2

judgment on her claim of sexual harassment against her employer. The employer did not raise the issue of whether it employed the requisite number of employees at any time during or prior to trial. *Id.* at 508. Instead, the employer raised the issue for the first time on a post-trial motion to dismiss for lack of subject-matter jurisdiction. *Id.* On appeal, the Supreme Court held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Id.* at 516.

Because proving that American Pancake met the definition of employer under 42 U.S.C. § 2000e(b) was not a jurisdictional requirement, defendants' first Rule 60(b) motion is **DENIED**. [DE 171.]

Defendants' second motion seeks relief under subsections 60(b)(1), (2), and (6). In it, defendants still challenge the failure of the plaintiffs to prove that American Pancake met the definition of employer under section 2000e(b). However, instead of arguing that the failure is a jurisdictional one, defendants argue that (1) the defendants' failure to challenge the employee-numerosity requirement was the result of mistake or excusable neglect by defense counsel, (2) there is new evidence that could not have been discovered with reasonable diligence, and (3) reversing the judgment is justified by plaintiff's failure to prove the number of people employed by American Pancake. They incorporate by reference documents that they claim show that defendants employed less than the total number of employees required by section 2000e(b). [DE 173-1.]

The Court does not find that these arguments entitle defendants to relief under Rule 60(b). Under Rule 60(b)(1), the Court must consider whether it would be equitable to excuse defendants' neglect in raising this issue prior to the entry of final judgment. In doing so, the Court should consider factors such as "danger of prejudice to the [opposing party], the length of

3

the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) ("Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."). Here, these factors weigh against excusing the defendants' neglect. Defendants claim they did not raise the issue because prior counsel had conceded the issue of numerosity before the EEOC and so current counsel did not recognize the need to investigate the issue. But the actions of prior counsel, standing alone, do not adequately explain or justify why trial counsel did not investigate the issue or raise it before this Court. Moreover, the prejudice to plaintiffs if the issue were raised this late in the proceeding would be substantial. In their answer to plaintiffs' Second Amended Complaint, defendants admitted that "Nick's American Pancake & Café, Inc., is an employer licensed to do business in Indiana and employs more than twenty-five (25) regular employees." [DE 27 at ¶ 13; DE 28 at ¶ 3.] Following that admission, the parties and Court engaged in a time-intensive trial, lengthy post-trial briefing, and months of proceedings supplemental following the entry of final judgment. The very first time the issue of numerosity was raised was more than two-and-a-half years after this case began. Moreover, plaintiffs cannot be said to bear any blame in the failure to raise the issue, given that defendants had admitted it in their answer. Under the totality of the circumstances, the Court cannot determine that it would be equitable to excuse defendants' neglect.

Under Rule 60(b)(2), defendants must prove each of the following: "(1) the evidence was discovered following the Court's judgment; (2) due diligence to discover the evidence before the

Court's judgment is shown or may be inferred; (3) the evidence is not merely cumulative; (4) the evidence is material; and (5) the evidence would probably produce a different outcome." *Anderson v. Holy See*, 934 F. Supp. 2d 954, 962 (N.D. Ill. 2013). A motion under Rule 60(b)(2) "cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced" previously. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1982)). Here, the evidence defendants seek to introduce—their own payroll records—was in their possession and control throughout the course of these proceedings. In essence, defendants argue that while they had the evidence, they did not recognize its relevance at the time of trial. However, because this "new" evidence could have been presented prior to the entry of final judgment, the Court declines to grant the motion on the basis of this evidence.

Finally, Rule 60(b)(6) is a "catchall" provision, providing courts an opportunity to grant relief where justice so requires. The Court does not find that this case presents the sort of "extraordinary circumstances" warranting relief under Rule 60(b)(6). *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005). Rather, defendants admitted that they employed the requisite number of employees to be found liable under Title VII, an admission they maintained throughout final judgment. That they now regret having made that admission is not sufficient to relieve them from final judgment.

For each of these reasons, defendants' second Rule 60(b) motion is **DENIED**. [DE 179.]

## II. Conclusion

For the reasons stated above, the Court **DENIES** the following motions: (1) Defendant's Motion For Relief From Judgment/Order Pursuant to T.R. 60 [DE 171]; and (2) Defendant's Second FRCP 60 Motion Raising Different Grounds [DE 179].

SO ORDERED.

ENTERED:  October 10, 2014

                                        /s/ JON E. DEGUILIO
                                Judge
                                United States District Court