UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANGELA HEYNE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 3:11-CV-305 JD |
| ) | |
| NICK'S AMERICAN PANCAKE & ) | |
| CAFÉ, INC., et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION AND ORDER

Pending before the Court are the: (1) "Plaintiff's Motion for and Accompanying Memorandum of Law in Support of an Award of Supplemental Attorneys' Fees and Expenses Pursuant to 42 U.S.C. § 1988," filed by Plaintiffs, Angela Heyne and Angela King, on March 5, 2015 [DE 213]; (2) "Plaintiffs' Verified Motion for Contempt," filed by Plaintiffs, Angela Heyne and Angela King, on June 30, 2015 [DE 223]; (3) "Report and Recommendation" by United States Magistrate Judge Christopher Nuechterlein, dated August 31, 2015 [DE 234]; and (4) "Defendants' Objection to the Report and Recommendation," filed by Defendants on September 14, 2015 [DE 235].

The Court has reviewed the Report and Recommendation of Magistrate Judge Nuechterlein [DE 234] and, for the reasons set forth below, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation [DE 234] and **GRANTS IN PART AND DENIES IN PART** Defendants' Objection to the Report and Recommendation [DE 235]. Additionally, Plaintiffs' Motion for Supplemental Attorneys Fees [DE 213] is **GRANTED** and the Court awards Plaintiffs $88,330.84 in post-judgment attorneys fees and expenses as

documented in Plaintiffs' billing statements [DE 213-8 and 213-9] and as adjusted by this Court. Plaintiffs' Verified Motion for Contempt [DE 223] is **GRANTED IN PART**. The Clerk is **ORDERED** to **ENTER** a finding of contempt against Defendants Nick Kladis and Zoi Kladis on behalf of Z&K Pancake House. The finding of contempt **SHALL BE LIFTED** if Defendants pay to the Clerk of Court by February 1, 2016, the outstanding $7,736. Additionally, Defendants are **ORDERED** to comply in the future with the monthly payments of $967 per month to Roberts & Bishop. Finally, the Court **ORDERS** Nick Kladis and Zoi Kladis to pay all of Plaintiffs' costs incurred in enforcing the turnover order by March 1, 2016.

## Background

This case has a long history of protracted litigation. Following a jury trial, this Court entered a detailed final judgment in this action against Defendants, Nick Kladis and Nick's American Pancake and Café, Inc., on November 15, 2013 [DE 140]. Over two years later, Plaintiffs, Angela Heyne and Angela King, still have not received payment on the judgment. Defendants appealed to the Seventh Circuit, and the appeal was dismissed voluntarily on January 29, 2014 [DE 160]. Then, Defendant Nick Kladis filed Chapter 13 bankruptcy, but his petition was dismissed on April 16, 2014 [DE 213-1 at 9]. Next, Defendants filed two motions to set aside the judgment that this Court denied on October 10, 2014 [DE 200].

Plaintiffs filed the instant motion for supplemental attorneys fees on March 5, 2015 [DE 213], requesting $93,283.34 in post-judgment fees and expenses [DE 213-10]. Extensive proceedings supplemental have occurred in this case. Magistrate Judge Nuechterlein (hereinafter the "Magistrate Judge") held a proceedings supplemental hearing on April 13, 2015, in which Zoi Kladis (co-owner of Z&K Pancake House with Nick Kladis), stipulated that Nick Kladis

2

agreed to have his salary from Z&K Pancake House (approximately $300 per two week pay period) turned over to Plaintiff's counsel, and Nick Kladis stipulated to turn over $367 net monthly income from a South Bend rental property to Plaintiff's counsel each month. [DE 234 at 3.]

Plaintiff then filed a motion on April 13, 2015, asking the Court to issue a turnover order requiring Z&K Pancake House and Nick Kladis to make monthly payments toward satisfaction of the judgment [DE 219]. Twenty four days passed without objections, so the Magistrate Judge issued the uncontested turnover order on May 7, 2015, stating:

> IT IS THEREFORE ORDERED ADJUDGED and DECREED that Z&K Pancake House shall turnover to Roberts & Bishop Nick Kladis' salary continuing until the judgment has been paid off.
>
> IT IS THEREFORE ORDERED that Nick Kladis shall turn over $367 per month attributable to profit from his rental property to Roberts & Bishop.

[DE 220 at 1.] Neither Nick nor Zoi Kladis, on behalf of Z&K Pancake House, complied with the turnover order. On May 18, 2015, the Magistrate Judge ordered Nick and Zoi Kladis to show cause within 14 days why they had not complied with the turnover order and warned that "[f]ailure to respond or adequately explain their actions may result in sanctions." [DE 222 at 1.] Forty three days passed with no response from Nick or Zoi Kladis, and no payment to Plaintiffs' counsel.

Plaintiffs then filed the instant certified motion for contempt on June 30, 2015 [DE 223]. In the motion, Plaintiffs ask the Court to issue a body attachment, with a cash bond for $25,000 for Defendant Nick Kladis and $10,000 for Zoi Kladis, and for the Court to order Nick Kladis and Zoi Kladis to "pay legal fees due as a result of [Plaintiffs'] Counsel's attempts to receive payments in the amount of $5,325.45, to be split equally among them." *Id.* No response was

filed by Nick or Zoi Kladis. On July 8, 2015, pursuant to 28 U.S.C. § 636(b)(1)(B), this Court referred Plaintiffs' motion for supplemental attorneys fees and motion for contempt to the Magistrate Judge [DE 224].

Defendants were unrepresented in this action, but new counsel entered an appearance on July 21, 2015, and filed a motion for an extension to respond to the motion for contempt [DE 226]. The Magistrate Judge held another hearing on August 13, 2015 [DE 229]. At the hearing, Defendants' counsel stated Nick Kladis told him he prepared a check for $967 (one month's obligation under the turnover order), but Defendants' counsel had not seen the check and Nick Kladis did not bring it to the hearing [DE 234 at 4]. As directed by the Magistrate Judge, the parties conferred in the courtroom after the hearing on August 13, 2015. According to the affidavit of Tasha R. Roberts, a Plaintiff's attorney:

> Nick Kladis admitted to me, Mr. Roberts [Plaintiffs' co-counsel] and before his own Counsel, Nick Otis, that he was intentionally not paying the Judgment, and we should collect it from the malpractice carrier. After Mr. Otis instructed his client to stop talking and as Mr. Otis and his clients were leaving the Courtroom, both Zoi Kladis and Nick Kladis again stated that they had no intention to pay the Judgment. They said "we better get it from the insurance company if we want to get paid."[1]

[DE 232-1 at 1-2.] Defendants filed a response brief to the motion for contempt [DE 231]. In their brief, Defendants argued Nick Kladis should not be held in contempt for failure to comply with the turnover order because he is not receiving any salary from Z&K Pancake House.

On August 27, 2015, the parties once again returned to Court where Nick Kladis testified in front of the Magistrate Judge. Plaintiffs' counsel asked Kladis about the check for $967 and why they had not received it, and Nick Kladis explained that the check had originally been made

---

[1] Defendants are pursuing a malpractice claim in state court against their former counsel in this matter. [DE 234 at 5 n. 1.]

4

out to his counsel, not Plaintiffs' counsel, as required by the turnover order [DE 234 at 6]. Kladis also stated that issues raised by his accountant regarding taxes had prevented him from getting a new check drafted and delivered to Plaintiffs' counsel. *Id.* In response to questions about his salary, Nick Kladis testified that while he was not receiving any salary from Z&K Pancake House, he was receiving $3,500 per month from Nick's American Pancake & Café, the restaurant he owns solely [DE 234 at 6].

The Report and Recommendation, issued on August 31, 2015, found that: (1) there was clear and convincing evidence that Nick Kladis and Zoi Kladis violated the turnover order; (2) Nick Kladis had the ability to pay the $967 per month required by the turnover order, if not more; and (3) the Kladises' intent was clear to avoid any payment toward the Judgment until the state court malpractice action is complete [DE 234 at 10]. For those reasons, the Magistrate Judge recommended that this Court grant Plaintiffs' motion for supplemental attorneys fees and award Plaintiffs $93,283.34 in post-judgment costs; grant Plaintiffs' motion for contempt and issue a body attachment order with a cash bond of $25,000 on Defendant, Nick Kladis, and $10,000 on Judgment Creditor, Zoi Kladis on behalf of Z&K Pancake House; and that Nick Kladis and Zoi Kladis be ordered to pay all of Plaintiffs' costs, including attorneys' fees and expenses, incurred in enforcing the turnover order. [*Id.* at 10-11.]

On September 14, 2015, Defendants filed their motion for review of the Magistrate Judge decision [DE 235]. Defendants contend Nick Kladis has not willfully failed to comply with the turnover order because he is unable to pay the funds. Additionally, they argue against a cash bond; or alternatively, a cash bond for a smaller amount. Finally, Defendants take issue with several of the attorney billings in Plaintiffs' motion for attorneys fees.

5

On September 28, 2015, Plaintiffs filed a response in support of the Magistrate Judge's Recommendation [DE 236]. Attached to the response are pictures of Z&K Pancake House on September 20, 2015, showing a parking lot full of cars [DE 236-2, 236-3, 236-4]. Additionally, Plaintiff Angela King's husband, Tyler Thomas, visited Z&K Pancake House on September 27, 2015, and talked to a waitress who said the restaurant was always busy on the weekends [DE 236-5]. Defendants filed a reply on October 19, 2015 [DE 238]. Plaintiffs filed a verified notice to Court on December 7, 2015, stating that Plaintiffs' counsel had a conversation with one of the attorneys for Defendant, Nick Kladis, in his legal malpractice lawsuit, and that attorney informed Plaintiffs' counsel that Nick Kladis told him he was "prepared to go to jail because he wasn't paying" since "we were confusing Nick Kladis with another Nick Kladis." [DE 239.] Finally, most recently, Plaintiffs filed a Notice to Court [DE 240] attaching as exhibits photos from Nick Kladis' Facebook page showing he took his family on vacation to Fortaleza, Brazil, in December 2015.

## **Discussion**

This Court's review of the Magistrate Judge's Report and Recommendation is governed by 28 U.S.C. § 636(b)(1)(C). When a party makes objections to a magistrate judge's recommendations, "[t]he district court is required to conduct a de novo determination of those portions of the magistrate judge's report and recommendations to which objections have been filed." *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).

Defendants challenge several findings of the Magistrate Judge. First, Defendants claim

6

they presented clear and convincing evidence that Nick Kladis did not have the ability to pay [DE 235 at 3-4]. Second, Defendants claim they did not willfully violate the Court Order. [*Id.* at 4.] Third, Defendants dispute the necessity and amount of the recommended body attachment order. [*Id.* at 5-7.] Finally, Defendants challenge the Plaintiffs' request for attorneys' fees, objecting to block billing and other entries. [*Id.* at 7-11.] Each of these objections shall be addressed *in seriatum.*

## I. This Court Adopts the Magistrate Judge's Finding of Civil Contempt

To win a motion for civil contempt, a party must prove "by clear and convincing evidence" that the opposing party violated a court order. *Goluba v. Sch. Dist. Of Ripon*, 45 F.3d 1035, 1037 (7th Cir. 1995) (quoting *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989); *Hayden v. Oak Terrace Apartments*, 808 F.2d 1269, 1270 (7th Cir. 1987)); *see also Bailey v. Roob*, 567 F.3d 930, 934 (7th Cir. 2009). The district court does not, however, "ordinarily have to find that the violation was 'willful' and may find a party in civil contempt if that party has not been reasonably diligent and energetic in attempting to accomplish what was ordered." *Goluba*, 45 F.3d at 1037. Defendants do not dispute the standard the Magistrate Judge applied, or that the turnover order is a court order; however, Defendants do contest his finding of noncompliance.

In the proceedings supplemental, Nick Kladis and Zoi Kladis admitted that they paid Plaintiffs' counsel nothing since the turnover order was issued on May 7, 2015 [DE 234 at 7]. The originally mis-directed check of $967 discussed during a hearing does not change that failure to pay. In their objection to the Magistrate Judge's Recommendation, Defendants assert that on September 11, 2015, Zoi Kladis did mail a check to the Plaintiffs' law firm in the amount

7

of $967 (and Plaintiffs do not controvert this fact). [DE 235 at 4; DE 236 at 2.] However, payment of one check for $967 on September 11, 2015, does not establish compliance with the turnover order which requires monthly payments. As detailed earlier, the turnover order was issued on May 7, 2015, and required Z&K Pancake House to turnover to Roberts & Bishop Nick Kladis' salary continuing until the judgment has been paid off and that Nick Kladis shall turn over $367 per month attributable to profit from his rental property [DE 220 at 1]. Defendants have not complied with the Court's turnover order. The single payment of $967 does not cover the entire amount due under the turnover order (the Court has not received notice of any other payments made), and it does not address the rental profits required to be turned over on a monthly basis. As such, this Court is satisfied that there is clear and convincing evidence that Defendants have violated the express commands of the turnover order.

As recognized by the Magistrate Judge, "[i]nability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay." *In re Resource Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). Moreover, "[t]here must be an adequate factual basis to support the defense." *Id.* Here, Defendants have not established an inability to pay. Both Zoi and Nick Kladis stipulated under oath in April 2015 in front of the Magistrate Judge that they would make monthly payments of Nick's Z&K Pancake House salary and his rental property, stating they were willing to pay $967 per month toward the judgment. Now, Nick Kladis contends he "has not been receiving a salary from Z&K Pancake House" due to the poor financial performance of the restaurant, but he does not detail when his salary allegedly stopped [DE 235 at 4]. While Nick Kladis attaches as exhibits a general Statement of Assets, Liabilities,

and Equity, a Statement of Revenues and Expenses, and a Schedule of Operating Expenses for Z&K Pancake House from August 31, 2015 [DE 238-2], these financial documents contain no information about whether Nick Kladis is receiving a salary. The Magistrate Judge considered this argument, and found that because Defendants did not "clarify when Nick Kladis' salary ended," it was "unclear" when his salary was stopped, or whether it was stopped at all [DE 234 at 9]. Throughout all of the ensuing briefing after the Recommendation, Defendants still have not provided the Court with any actual evidence or financial statements showing Nick Kladis is not receiving a salary from Z&K Pancake House. Additionally, the Magistrate Judge recognized that Nick Kladis' "current salary income of $3,500 per month from Nick's American Pancake & Café contradicts his contention that he cannot afford payments of $967 per month to Plaintiff's counsel even if he is not receiving any salary from Z&K Pancake House." [DE 234 at 8.] Finally, Nick Kladis has never addressed or given this Court any information about why he allegedly cannot pay the rental profits as required by the turnover order for $367 per month.

All of this, in conjunction with the multiple statements that Defendants have no intention of paying the judgment, make this Court discount Defendants' unsupported claim that they are financially unable to pay the judgment:

- August 13, 2015: according to the affidavit of Tasha R. Roberts, a Plaintiff's attorney: "Nick Kladis admitted to me . . . that he was intentionally not paying the Judgment, and we should collect it from the malpractice carrier." [DE 232 at 1-2.]

- December 7, 2015: according to Plaintiffs' verified notice, one of Nick Kladis' attorneys in his state lawsuit informed Plaintiffs' counsel that Nick Kladis told him he was "prepared to go to jail because he wasn't paying." [DE 239.]

The Facebook post depicting a family vacation in Brazil this December 2015 [DE 240] does nothing to help Nick Kladis' unsupported claims of inability to pay, neither do the photographs

9

of the restaurant's crowded parking lot on September 20, 2015 [DE 236 Ex. A].

As the Seventh Circuit recognized in *Central States, Southeast and Southwest Areas Health and Welfare Fund v. Lewis*, 745 F.3d 283, 287 (7th Cir. 2014) (citations omitted), "[t]he defendants may think that a mere assertion of inability to pay made in an affidavit (and thus under oath) precludes a finding of contempt. Not so. Few judgments would be paid were that the rule." Defendants have not presented actual, specific financial evidence that they cannot pay the Judgment or comply with the turnover order. In this case, the Court concurs with the Magistrate Judge that there is evidence that over the course of years, Defendants have tried a variety of stall tactics to avoid paying the judgment, and have now deliberately refused to honor the orders of this Court. As such, a finding of civil contempt is absolutely justified.

## II. This Court Rejects the Magistrate Judge's Recommendation to Issue a Body Attachment Order

The Magistrate Judge recommended that this Court issue a body attachment order with a cash bond of $25,000 on Defendant, Nick Kladis, and $10,000 on Judgment Creditor, Zoi Kladis on behalf of Z&K Pancake House [DE 234 at 10]. Defendants argue that a body attachment is not necessary, considering they have made one payment of $967. The turnover order was issued in May 2015 and it is now January 2016. That is nine months of payments due, and only one payment has been made, along with statements that the Defendants do not intend to comply with the order. As detailed earlier, Defendants are in contempt of Court, and have stalled paying the judgment.

However, a judge has to justify the sanctions he imposes. *S.E.C. v. First Choice Mgmt. Servs., Inc.*, 678 F.3d 538, 545 (7th Cir. 2012) (affirming judge's determination of violation of an order, but vacating the sanction and remanding where the judge intended the sanction to be

compensatory, "he had to explain what it was compensating for."). Here, the Magistrate Judge specified that he would not consider criminal contempt, because "Plaintiffs' interest is simply in seeing this Court's turnover order obeyed." [DE 234 at 7.] Yet, he also stated that:

> Nick and Zoi Kladis have now crossed the line from litigating honest disputes to contempt of court for the willful refusal to obey lawful orders. In light of the Defendants' conduct, the Court is left few options to force the Defendants' into compliance. Civil contempt, in which the Defendants' would possess "the keys to their jail cell," is one such option. The undersigned is convinced that holding the Kladises in contempt is necessary to enforce the turnover order, force them into compliance and to deter them from future disobedience of this Court's orders.

[DE 234 at 9-10.]

No party has provided the Court with law on the standard for when a body attachment order with a cash bond should be issued. Additionally, it is unclear how the Magistrate Judge calculated the appropriate amount of the bond, other than it is the amount requested by Plaintiffs. The turnover order was issued in May 2015 and it is now January 2016. That is nine months of payments due (and one payment has been made, so $967 x 8= $7,736 currently due and owing). The recommended body attachment order is for a significantly larger amount than what is currently due and owing under the turnover order. While this Court by no means sanctions Defendants' inappropriate and dilatory conduct in this case, it does not believe this somewhat unusual sanction for civil contempt is justified at this stage in the proceedings.

As such, the Court rejects the recommendation to issue a body attachment order with a cash bond of $25,000 on Defendant, Nick Kladis, and $10,000 on Judgment Creditor, Zoi Kladis on behalf of Z&K Pancake House. Instead, this Court **ORDERS** the Clerk to **ENTER** a finding of contempt against Defendants Nick Kladis and Zoi Kladis. The finding of contempt **SHALL BE LIFTED** if Defendants pay to the Clerk of Court by February 1, 2016, the outstanding

$7,736. Additionally, Defendants are **ORDERED** to comply in the future with the monthly payments of $967 per month to Roberts & Bishop, due under the turnover order. Should Defendants not pay the $7,736 currently due and owing, or fall behind on future payments in accordance with the turnover order, they are **WARNED** that more serious sanctions shall be considered by the Court, including, potentially, a body attachment order with a cash bond.

### III. The Magistrate Judge's Recommendation for Supplemental Attorneys Fees and Expenses is Mostly Adopted, But a Few Attorneys Fees are Reduced

Plaintiffs request $98,283.34 in post-judgment costs as submitted in Plaintiffs' billing statements [DE 213-8 and 213-9]. The Magistrate Judge reviewed the motion and recommended that this Court award Plaintiffs the full $93,283.34 in post-judgment costs requested [DE 234 at 10]. Defendants challenge the reasonableness of some of the Plaintiffs' attorneys fees.

Defendants object to several "block billings" which contain multiple entries in one block and the total time for all the tasks; however, the Court recognizes that, in reality, this is often how attorneys bill when they are performing different tasks related to the same case. This Court has thoroughly reviewed Plaintiffs' billing sheets [DE 213-8 and 213-9] and Defendants' objections [DE 235 at 8-11] and has decided that a few reductions are necessary because: (1) the billing party billed more than once for what appeared to be the same work ("double billing"); and (2) an attorney unnecessarily billed for performing "administrative" work. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999) (noting court should disallow hours expended by counsel on tasks that are easily delegable to non-professional assistance).

First, Defendants object to the billing date 1/20/14 for JAG which seems to bill 3.50 hours twice, for the same work [DE 212-8, at 3]. Plaintiffs concede this double billing was an error [DE 236 at 3]. Thus, reimbursable attorneys fees will be reduced by $525 (3.50 hours

times the hourly rate for JAG of $150/hr).

Second, the billing on 3/26/14 by KTR adds up to 12.2 hours in one day (with a 4 hour entry and 5 hour entry given little description), and seems excessive [DE 213-9 at 6]. KTR's hours that day will be reduced by 4.5 hours because they are excessive, so the reimbursable attorneys fees will be reduced by $1,732.50 (4.5 hours times KTR's rate of $385/hr).

Finally, the Court agrees with Defendants that KTR, the attorney on the case with the highest billing rate per hour, did not need to personally drive down to Indianapolis to take a picture of the restaurant's parking lot, and ask some follow-up questions. KTR's billing of 7 hours on 11/6/14 will therefore be reduced, as this task could have been accomplished by administrative staff [DE 213-9 at 22]. Thus, the final reduction to the attorneys fees is by $2,695 (7 hours times KTR's rate of $385/hr).

In total, the request for attorneys fees and expenses ($93,283.34) will be reduced by $4,952.50 ($525 + $1,732.50 + $2,695). The Court awards Plaintiffs post-judgment attorneys fees and expenses in the amount of $88,330.84.

## Conclusion

For the reasons set forth above, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation [DE 234] and **GRANTS IN PART AND DENIES IN PART** Defendants' Objection to the Report and Recommendation [DE 235]. Additionally, Plaintiffs' Motion for Supplemental Attorneys Fees [DE 213] is **GRANTED** and the Court awards Plaintiffs $88,330.84 in post-judgment attorneys fees and expenses as documented in Plaintiffs' billing statements [DE 213-8 and 213-9] and as adjusted by this Court. Plaintiffs' Verified Motion for Contempt [DE 223] is **GRANTED IN PART**. The Clerk is **ORDERED** to

**ENTER** a finding of contempt against Defendants Nick Kladis and Zoi Kladis on behalf of Z&K Pancake House.  The finding of contempt **SHALL BE LIFTED** if Defendants pay to the Clerk of Court by February 1, 2016, the outstanding $7,736.  Additionally, Defendants are **ORDERED** to comply in the future with the monthly payments of $967 per month to Roberts & Bishop.  Finally, the Court **ORDERS** Nick Kladis and Zoi Kladis to pay all of Plaintiffs' costs incurred in enforcing the turnover order by March 1, 2016.

    SO ORDERED.

    ENTERED: January 22, 2016

                                                      /s/ JON E. DEGUILIO
                                                      Judge
                                                      United States District Court