UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANGELA HEYNE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-CV-305 JD |
| | ) | |
| NICK'S AMERICAN PANCAKE AND | ) | |
| CAFÉ, INC. and NICK KLADIS, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION and ORDER

After a four-day trial, the jury awarded Angela Heyne punitive damage awards of

$10,000 for her sexual harassment claim and $2,000 for her battery claim, and awarded Angela

King punitive damage awards of $10,000 for her retaliation claim and $2,000 for her battery

claim. The combined award of $24,000 equaled only 3.5% of the total relief requested by

Plaintiffs' counsel on all claims, not including the subsequent court-awarded backpay. On

November 15, 2013, the Court entered final judgment on the verdict and required Defendants,

Nick Kladis and Nick's American Pancake & Café, Inc., to pay Plaintiffs' attorneys' fees in the

amount of $103,605.70 and taxable costs in the amount of $1,430.75.

Over three years later, Defendants have embarked on a series of unscrupulous tactics to

avoid paying the judgment. These intentional evasive maneuvers resulted in proceedings

supplemental, the issuance of a turnover order on May 7, 2015 [DE 220], and ultimately the

issuance of orders holding Nick and Zoi Kladis[1] in civil contempt for their failure to comply with the turnover order [DE 234; DE 241].

The Court most recently stated the following:

> The Kladises have unjustifiably forced the Plaintiffs into extended, expensive proceedings to collect the judgment to which they are legally entitled. Under these circumstances, an attorneys' fee award is clearly justified. *See Resolution Trust Corp. v. Ruggiero*, No. 90 C 4054, 1992 WL 345476, at *1 (N.D. Ill. Nov. 16, 1992) (finding an attorney fee award justified under the Court's inherent authority where the plaintiff engaged in bad faith conduct in proceedings supplemental) (citing *Chambers v. NASCO, Inc.*, 111 S.Ct. 2123, 2133 (1991)); *E.E.O.C. v. New Indianapolis Hotels, LLC*, No. 1:10-CV-1234, 2015 WL 7016487, at *1 (S.D. Ind. Nov. 9, 2015) ("In a civil contempt proceeding, the district court may award a party the attorneys fees and expenses it incurred in bringing the violation to the court's attention") (citing *BPS Guard Servs., Inc. v. Int'l Union of United Plant Guard Workers of Am., Local 228*, 45 F.3d 205, 211 (7th Cir. 1995); *S. Suburban Hous. Ctr. v. Berry*, 186 F.3d 851, 855 (7th Cir. 1999)).

[DE 268 at 5]. The Court required Plaintiffs' counsel to submit a detailed accounting of costs and fees incurred in enforcing the turnover order. But, in light of the errors and overreaches the Court identified in its previous order on the Plaintiffs' fee request [DE 140 at 24-31],[2] the Court explicitly directed counsel to be "particularly scrupulous" in their accounting of fees [DE 268 at 5].

Unfortunately, and as explained below, counsels' most recent request for almost $20,000.00 in attorneys' fees is unreasonable. As Zoi Kladis' counsel points out, much of the

---

[1] On April 13, 2015, the first of many proceedings supplemental hearings took place, during which Zoi Kladis appeared and testified because the Court ordered certain Garnishee-Defendants, including Z & K Pancake and Café, Inc., to appear [DE 215]. It was determined that Zoi and Nick Kladis jointly owned Z & K Pancake, and thus, they agreed to turn over Nick Kladis' salary from that company to Roberts & Bishop until the judgment was paid off. This stipulation was formalized in the Court's turnover order [DE 220].

[2] Counsel for Plaintiffs actually sought $218,118.65 in attorneys' fees, which was reduced by the Court to $103,605.70.

billing is excessive and duplicative [DE 270], for which justification by Plaintiffs' counsel falls short [DE 271]. Notably, no one contests the nominal costs sought.

The Court has previously approved counsels' hourly billing rates (of $75 for legal assistants and $200-385 for attorneys) in a detailed discussion [DE 140 at 12-24], as incorporated herein. These reasonable hourly rates remain unchallenged and will therefore apply here. However, the Court still has an obligation to determine whether the number of hours billed are reasonable. *See Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 904-05 (7th Cir. 2009) (citation omitted) ("A district court necessarily must assess the reasonableness of any fees and costs requested."). The reasonableness of the time expended by an attorney on behalf of a client depends not only on the total number of hours involved but also on the particular tasks to which the attorney devoted his or her time. *Id.* at 905 (other citations omitted). It is not at all unusual for a court to determine that some aspects of an attorney's work were not fruitful, were unnecessary, or merited less time than the attorney devoted to them, and to deny compensation for those portions of the attorney's work. *Id.*; *see Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (noting that the district court is in the better position to determine the reasonableness of an award for work done on litigation in that court). The "fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Baker v. Lindgren*, No. 15-2203, 2017 WL 1902245, at *3 (7th Cir. May 10, 2017) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The Court has thoroughly reviewed the itemized invoices submitted by Plaintiffs' counsel for payment by Nick Kladis [DE 269-1] and Zoi Kladis [DE 271-1], and has come to the

determination that a number of individual entries must be reduced or omitted altogether. First, the Court will not allow charges for excessive time spent by three partners to simultaneously perform the same trivial tasks. Counsel try to justify the presence of multiple attorneys on this case, stating that they have all been involved from the case's inception. But this explanation fails to recognize that final judgment has already been rendered, and merely collecting on that judgment is different than attempting to obtain one at trial. Even then, in entering final judgment after trial the Court previously reduced Plaintiffs' fee award by 50% after noting that "a total of four attorneys collaborated on the case and their work unnecessarily resulted in overlapping billing (even on mostly lost claims) . . . [and] the case was not so complicated as to require multiple counsel." [DE 140 at 30].

At most, one partner could have handled these straightforward supplemental proceedings, and the fact that several partners and their legal staff billed for the same work culminated in excessive billing. Specifically, the itemized invoice for Nick Kladis shows cumulative billing of 24 minutes to review a 3-sentence referral order [triple billed on July 9, 2015], 60 minutes to review defense counsel's appearance form and a 1-page motion for an extension of time [triple billed on July 21, 2015], 48 minutes to review a 14-page order [double billed on January 22, 2016], 18 minutes to review a 3-page response brief by defense counsel [double billed on September 6 and 9, 2016], and 30 minutes to review a 7-page order [double billed on September 27, 2016].[3] These duplicative entries resulted in at least 2 hours of unnecessary time spent on minor matters.

---

[3]The Court did not list the 30 minutes spent by two partners to review a 10-page report and recommendation [as billed on September 1, 2015], because these entries are reduced herein for constituting interoffice communications between attorneys. *See infra*.

Moreover, if only one partner would have handled these collection proceedings, this would have eliminated the needless time—that is, 6 hours—spent on interoffice attorney communications. Similarly, it was completely unnecessary to have two partners travel from Indianapolis to South Bend for two separate 30-minute contempt hearings. While each trip could have reasonably taken approximately 7 hours, counsel managed to bill a total of 25 hours for these two short hearings—essentially resulting in 9 overbilled hours. And yet, Plaintiffs' counsel has provided no sufficient explanation to justify these overcharges.

Accordingly, these 17 overbilled hours (as identified in the previous two paragraphs) will be omitted at the average billing partner rate of $278 per hour, for a fee reduction of $4,726.00.

As for the time spent on more substantive tasks—such as researching, drafting, and filing legal documents—once again, excessive time was spent on these projects. The itemized invoice for Nick Kladis reveals cumulative billing of approximately 4.6 hours on a 3-page show cause motion (which contained no legal citations), 8.35 hours on a 2-page contempt motion (which contained no legal citations, but was accompanied by 6 pages of affidavits), 10.2 hours on a 3-page reply brief (which contained no legal citations, but was accompanied by 11 pages of affidavits), and 8.55 hours on a 5-page response brief (also accompanied by 2 pages of affidavits, along with pictures and a short video). These tasks should have been easily accomplished single-handedly by any one of these experienced litigators in at least half of the amount of time actually billed. Accordingly, a 15-hour reduction at the average billing partner rate of $278 per hour will be imposed, which results in an additional reduction of $4,170.00.

Two more reductions must be taken from Nick Kladis' billing invoice. On September 1, 2016, the same partner, Tasha Roberts, twice billed for reviewing a notice from the court

regarding the reassignment of the magistrate judge. Omitting this duplicative .10 billable, results in a $25 reduction. The Court will also deduct the .4 hours, or $100 in billables, which Plaintiffs' counsel admits includes time spent by attorneys on administrative tasks.

For these reasons, the requested attorneys' fees totaling $19,570.25 from Nick Kladis is reduced by $9,021.00. Thus, Nick Kladis will be responsible for paying $10,549.25 in attorneys' fees reasonably incurred by Plaintiffs in enforcing the Court's turnover order.

With respect to Zoi Kladis, her attorney argues that she should not be held responsible for various line items that were attributable only to Nick Kladis [DE 270 at 4] or other items that constituted administrative tasks performed by counsel [DE 270 at 6-7]. Given these arguments, Plaintiffs' counsel submitted an amended itemized invoice which deleted those items [DE 271-1], except as to the two hearings held on August 13 and August 27, 2015.

Although Zoi's counsel argues that these hearings did not concern Zoi, the Court finds that this argument is without merit. During those hearings, the magistrate judge specifically addressed the Plaintiffs' underlying motion for contempt [DE 223], which ultimately resulted in the issuance of orders holding both Nick and Zoi Kladis in civil contempt for failing to comply with the turnover order [DE 234; DE 241]. Thus, Zoi Kladis will be held responsible for paying the Plaintiffs' fees for those hearings; however, such fees will be ordered paid only to the extent the time billed is reasonable.

Because the amended billing invoice for Zoi reflects the same overcharges previously delineated by the Court relative to the invoice for Nick, the following fee reductions must be made: 4.7-hour reduction for duplicative entries by multiple individuals resulting in excessive billing for the tasks handled (mainly, drafting the motion for contempt and reviewing two court

orders), 9-hour reduction for overbilling by two partners on two contempt hearings, and 1.9-hour reduction for unnecessary interoffice attorney communications. Omission of these 15.6 hours (multiplied by the average billing partner rate of $278 per hour), results in a reduction of $4,336.80 from the $12,300.00 in attorneys' fees originally sought by Plaintiffs' counsel from Zoi Kladis. Accordingly, of the total amount of fees ordered herein, Zoi Kladis is jointly and severally responsible for paying $7,963.20 of that amount.

In conclusion, Nick Kladis and Zoi Kladis are **ORDERED** to pay attorneys' fees and costs to the law firm of Roberts & Bishop in the following amounts: Nick Kladis is responsible for attorneys' fees totaling **$10,549.25** and costs totaling **$574.12**; <u>and of those amounts</u>, Zoi Kladis is jointly and severally liable to pay **$7,963.20** in attorneys' fees and **$413.17** in costs.

Finally, the Court **DENIES AS MOOT** the request for a body attachment [DE 278] given the Plaintiffs' withdrawal of that request [DE 280]. However, if Nick Kladis fails to meet his payment obligations without prior Court approval to modify the payment conditions, then the Court reminds him that it intends to issue a body attachment against him with a bond of $5,802, which reflects six monthly payments under the terms previously ordered by the Court. *See N.L.R.B. v. HH3 Trucking, Inc.*, No. 05-1362, 2013 WL 828349 (7th Cir. Jan. 10, 2013) (granting a body attachment where parties did not pay in compliance with a court order or timely demonstrate an inability to pay).

SO ORDERED.

ENTERED: June 2, 2017

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court